UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ILLINOIS LEAGUE OF ADVOCATES FOR THE DEVELOPMENTALLY, DISABLED, *et al.* | ) ) ) ) ) |  |
| Plaintiffs, | ) ) | Case No. 13 C 1300 |
| v. | ) ) | Judge Marvin E. Aspen |
| PATRICK QUINN, *et al.* | ) ) |  |
| Defendants. | ) ) ) |  |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Presently before us is Defendants'[1] objection to Magistrate Judge Martin's July 17, 2013 order ("Order"), denying in part their motion for a protective order. As set forth below, this objection is based on a misreading of the Order and is hereby overruled.

### BACKGROUND

We assume familiarity with the factual background of this case, previously recounted in other opinions, and discuss only those facts pertinent to Defendants' objection. The parties have had numerous disputes during the course of expedited discovery in preparation for the upcoming preliminary injunction hearing. We referred discovery motions to Magistrate Judge Martin, including Defendants' motion for a protective order. (Dkt. No. 91.) In that motion, Defendants asserted that Plaintiffs' requested discovery into the State's decision to close Murray sought

---

[1] For purposes of this opinion, "Defendants" refers to Illinois Department of Human Services, Kevin Casey, and Michelle R.B. Saddler.

information that is both irrelevant and protected by the deliberative process privilege. Judge Martin held a hearing on the motion on July 16, 2013 and issued the Order the following day. (Dkt. No. 132.)

In the Order, Magistrate Judge Martin identified numerous problems with Defendants' preemptive assertion of privilege. (Order at 6–8.) Judge Martin noted Defendants' failure to provide a privilege log describing any allegedly protected documents. He further held that Defendants' claim of privilege was improper because it was entirely generalized and hypothetical. Judge Martin rejected Defendants' argument that, in the interests of time, they should be relieved of such procedural requirements. (*See, e.g.*, Defs.' Reply ISO Prot. Order at 5–7.) He also expressed concern that Defendants asserted a privilege without first searching for documents allegedly covered by it, questioning Defendants' efforts to comply with discovery and the relevant rules. (Order at 8.) Judge Martin found that Defendants had not waived the deliberative process privilege, an issue beyond the scope of the briefs before him. Nonetheless, he concluded that "Defendants cannot rely on it to protect documents for the purpose of this proceeding." (*Id.*) He then proceeded to address Defendants' other objections to specific discovery requests. (*Id.* at 9–14.)

## ANALYSIS

**A.     Judge Martin's Order**

When evaluating Defendants' objection, we must "modify or set aside any part of the [O]rder that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Thornton v. Brown*, 47 F.3d 194, 197 (7th Cir. 1995) (internal citations omitted); *see Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Defendants perceive Judge Martin's ruling as a discovery sanction. (Mem. at 2, 4, 5–7.) They contend that Judge Martin's imposition of a blanket sanction, precluding their reliance on the deliberative process privilege, is clearly erroneous.

We do not agree with either the parties' characterization[2] of Judge Martin's ruling or Defendants' objection to it. Indeed, Defendants' description of Judge Martin's ruling as a "sanction" is befuddling. The Order focused solely on Defendants' motion for protective order. It did not discuss sanctions at all.[3] Judge Martin's denial of the motion with respect to the asserted privilege does not constitute a sanction. He simply—and quite rightly—concluded that Defendants failed to properly assert that privilege, identified their errors, and expressed valid concerns about their compliance with the rules of discovery. He explicitly did "not find that Defendants have waived the deliberative process privilege." (Order at 8.) Based on our reading of the Order, Defendants may continue to attempt to assert that privilege if they do so properly.

Defendants claim their confusion stems from Judge Martin's statement, in the next sentence of the Order, that they "cannot rely on [the privilege] to protect documents for the purpose of this proceeding." (*Id.*) Defendants construe this sentence as imposing a sanction

---

[2] Although Plaintiffs question whether the Order in fact imposes a sanction, they proceed to argue that such a sanction is appropriate due to Defendants' misconduct during discovery. (Opp'n at 1, 4–7.) Plaintiffs assert that Defendants should be barred from asserting the privilege "at any stage of the litigation." (*Id.* at 6.) Plaintiffs also seek costs and fees for having to respond to Defendants' objection. (*Id.* at 8.) We deny Plaintiffs' requests.

[3] Judge Martin denied Plaintiffs' emergency motion for sanctions on July 18, 2013 in a separate written opinion, after resolving the motion for protective order. (Dkt. No. 136.)

going forward. We disagree with this strained interpretation. This language, considered in its context, plainly refers to the discovery proceeding before Judge Martin, that is, *the then-pending motion for protective order*. Judge Martin merely concluded that Defendants could not rely on the deliberative process privilege to shield themselves from discovery by way of the requested protective order. In other words, he rejected their preemptive assertion of privilege and denied their motion because they did not follow the rules. Contrary to Defendants' indignant insistence, he did not bar them from arguing the privilege in the future.

In short, we agree with Judge Martin's reasoning and conclusion. The Order is not clearly erroneous or contrary to law, and Defendants' objection is therefore overruled. Fed. R. Civ. P. 72(a).

**B.     The Disputed Document**

As discussed, Defendants' assertion of privilege before Magistrate Judge Martin failed in large part because it was hypothetical. Defendants had not identified any document at that time that might be covered by the deliberative process privilege. (Mem. at 3–4.)

On August 2, 2013, Defendants produced a privilege log to Plaintiffs identifying one document as subject to the deliberative process privilege. According to the log, the June 20, 2013 document is entitled "Murray Community Discharge Procedure 181 Challenges" ("the Murray Discharge Document") and was attached to an email similarly entitled "Murray Community Discharge Procedure challenges." (Resp., Ex. 2.) Plaintiffs contend that they are entitled to production of this document because the privilege log is untimely, because of Judge Martin's order, and because their need trumps the privilege. (Resp. at 3.)

Consistent with our above holding, we will allow Defendants to attempt to assert the deliberative process privilege for the Murray Discharge Document, as well as for any other potentially privileged documents identified during discovery. Defendants must submit any documents they have designated as protected by the deliberative process privilege—including the Murray Discharge Document—for in camera review. Defendants shall submit these documents to Judge Aspen's chambers on or by Monday, August 19, 2013. Defendants must also file by August 19, 2013 a brief explanation (not to exceed three pages) of how the privilege applies. Plaintiffs may file a similarly brief opposition to the assertion of privilege, no later than August 22, 2013.

**CONCLUSION**

As set forth above, we see no error in Judge Martin's order of July 17, 2013. Defendants' objection to the Order is overruled. Defendants must submit any allegedly privileged documents for in camera review no later than August 19, 2013.

Finally, we note that the parties' mutual distrust continues to result in time-consuming skirmishes over relatively minor issues, unnecessarily complicating this case. As we and Judge Martin have previously admonished, these little battles accomplish nothing, serving only to waste time, energy, resources, and goodwill—all of which are in short supply. It is time for the parties, though zealous, to cooperate and to consider commonsense approaches and resolutions. Plaintiffs concede that they cannot prevent Murray from closing, although that closure may be delayed by these proceedings. And so Murray ultimately will close if the State chooses to close it. Yet Illinois must close Murray in a manner consistent with its obligations under federal law, including Medicaid requirements. (Those duties exist regardless of Plaintiffs' right to sue

individually under Medicaid, an issue we do not address here.) With that bottom line in mind, we direct the parties and their counsel to be reasonable, professional, and farsighted. It is so ordered.

                                                                                         _____
                                                                                         Honorable Marvin E. Asper
                                                                                         U.S. District Court Judge

Dated: August 15, 2013